IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GERALD E. ROBERSON                                                              PETITIONER
ADC #133738

V.                                       NO. 5:09cv00292 JLH-JWC

LARRY NORRIS, Director,                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.  An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Gerald E. Roberson, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). For the reasons that follow, the petition should be **denied** as barred by the one-year statute of limitations applicable to federal habeas petitions. *See id.* § 2244(d).

I.

Following entry of a guilty plea in June 2005 in the Circuit Court of Saline County, Arkansas, Petitioner was convicted of five counts of first degree sexual assault and was sentenced to 300 months of imprisonment. (Resp't Ex. 1 [doc. 6-2].) His amended judgment and commitment order was filed with the circuit court on June 24, 2005. (*Id.*) *See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk). By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. *See* Ark. R. App. P.-Crim. 1(a) (2005). There is no evidence or allegation that Petitioner sought any post-

conviction relief or attempted to challenge his guilty plea in any way in state court. *See* Ark. R. Crim. P. 26.1 (permitting criminal defendant to file, before entry of judgment of conviction, a motion to withdraw guilty plea "to correct a manifest injustice"); Ark. R. Crim. P. 37 (permitting criminal defendant to file post-conviction petition for relief within ninety days of entry of judgment of conviction obtained on a guilty plea).

Petitioner now brings this federal habeas petition (doc. 2). His primary contentions are that he was falsely accused of sexually assaulting the victim (his daughter), that she said she was actually molested by two other men, and that his attorney entered a no-contest plea when Petitioner wanted to plead not-guilty. Specifically, he says: (1) he pleaded not guilty to the charges but his public defender pleaded no contest, saying he had to send either Petitioner or a woman to prison to make more money (*id.* at 1-2, 11); (2) when Petitioner told a detective he did not touch his daughter, the detective called him a liar, refused to let him listen to the victim's taped statements, and would not let him take a lie detector test (*id.* at 2); (3) another investigator told him that Jim Lawrence molested Petitioner's daughter (*id.* at 5); (4) Petitioner's daughter told him in 2003 that Lawrence and David Jones had "touched" her (*id.* at 7-8, 13, 15); (5) when Petitioner denied taking a shower with his daughter, his attorney told him to shut up and cursed him (*id.* at 11); (6) when his attorney pleaded no contest, Petitioner was given twenty-five years of imprisonment for something he did not do and which, according to the victim, was done by two other men, (*id.* at 12-13, 15); and (7) he was "falsely accused" of sexually assaulting his daughter, and should get his case back in court as soon as possible (*id.* at 14-15).

Respondent asserts (doc. 6) that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d); or (2) as

3

procedurally defaulted because Petitioner failed to first present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner replied (doc. 12). Because the Court agrees that the petition is time-barred, the procedural default argument need not be addressed.

## II.

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner pleaded guilty on June 7, 2005, and an amended judgment and commitment order was filed with the trial court on June 24, 2005. His guilty plea waived his right to direct review under Arkansas law, thereby making his judgment final at the time of entry, *i.e.* June 24, 2005, at the latest. Filing deadlines fall on the anniversary date of the triggering event, and a deadline is advanced to the next business day if it falls on a weekend. *Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002). June 24, 2006, was a Saturday, so the last day for Petitioner to file a timely federal habeas petition was Monday, June 26, 2006.

Petitioner's § 2254 petition was file-stamped with the Clerk of this Court on September 16, 2009. He did not date his petition or certify the date that he placed it in the prison mailing system; therefore, he cannot avail himself of the "prison mailbox rule," and September 16, 2009, is deemed the date of filing. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing; timely filing may be shown by

4

declaration in compliance with 28 U.S.C. § 1746 or a notarized statement).  This was more than four years after Petitioner's state conviction became final, clearly outside the one-year limitations period.

Under certain circumstances, the limitations period may begin running later than the date a criminal judgment becomes final.  *See* 28 U.S.C. § 2244(d)(1)(A-D) (limitations period runs from the latest of: the date the judgment became final, the date of removal of any unconstitutional state-created impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which an underlying factual predicate could have been discovered through due diligence).  Additionally, time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period.  *Id.* § 2244(d)(2).

Here, Petitioner sought no post-conviction relief in state court which would toll the limitations period under § 2244(d)(2).  There is no allegation or evidence of any factual predicates which could not have been discovered earlier, and the constitutional rights at issue are well-established, rendering §§ 2244(d)(1)(C) and (d)(1)(D) inapplicable.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea); *North Carolina v. Alford*, 400 U.S. 25 (1970) (requirement that plea be voluntary and intelligent).[1]

---

[1]Most of Petitioner's allegations involve his assertions of innocence, which do not state a cognizable federal habeas claim.  In the absence of an independent constitutional violation occurring in the underlying state criminal proceeding, a free-standing claim of actual innocence is not cognizable in federal habeas review of a conviction.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Clayton v. Roper*, 515 F.3d 784, 793 (8th Cir.), *cert. denied*, 129 S. Ct. 507 (2008).

Under § 2244(d)(1)(B), the running of the limitations period may be delayed by a state-created impediment violating the United States Constitution or federal law. *See Finch v. Miller*, 491 F.3d 424, 426-27 (8th Cir. 2007). In addition to the statutory mechanisms, the limitations period may also be equitably tolled where a petitioner demonstrates that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

In response to the untimeliness argument, Petitioner continues to assert his innocence (doc. 12, at 1, 42, 44, 48-50, 55-59) and says he had limited access to "law work," law library assistance and other materials until he "came here," presumably meaning the ADC unit where he is housed (*id*. at 46, 59). He does not say when that occurred. These vague allegations are insufficient to demonstrate an unconstitutional state-created impediment under § 2244(d)(1)(B) or to justify equitable tolling.

First, Petitioner has not demonstrated that any alleged inadequacies in the prison law libraries or accessibility to legal resources actually prevented him from filing a federal habeas petition in the four years since his conviction. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual-injury requirement for claim of unconstitutional denial of access to courts); *Finch*, 491 F.3d at 427 (no unconstitutional state-created impediment under § 2244(d)(1)(B) where petitioner failed to show actual injury from allegedly inadequate law library and legal aides). All that prisons are constitutionally required to provide are the "tools ... that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. This does not place on the prison, or any other state officials, an affirmative obligation to advise prisoners about how to use the tools provided. Petitioner does not contend that he was

6

prevented in any way from complying with the one-year federal limitations period. He does not contend that the law library did not contain the applicable federal statutes, that the statutes were concealed from him, that they were not accessible either through the books or the computer or the assistance of library personnel, or that he was prevented from utilizing any of the library's resources. In fact, many ADC inmates like Petitioner have managed to file timely federal habeas petitions since passage of the limitations statute in 1996, and various related issues have been litigated frequently.

Moreover, by waiting more than four years to challenge his conviction, Petitioner has not demonstrated that he pursued his rights with the requisite diligence to justify equitable tolling, nor has he shown any extraordinary circumstances that prevented him from doing so. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 945. It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Lawrence*, 549 U.S. at 336-37 (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (no tolling where petitioner did not diligently seek state and federal relief); *Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) (no tolling due to delayed receipt of case file, pro se status, lack of

access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595,

597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures;

pro se status, lack of legal knowledge or legal resources); *Baker v. Norris*, 321 F.3d 769,

771-72 (8th Cir. 2003) (incarcerated petitioner's limited law library access and alleged lack

of notice of federal habeas statute of limitations). As illustrated by the cited cases, any

obstacles faced by Petitioner were certainly not extraordinary when measured according

to those encountered by a typical prisoner who prosecutes a pro se federal habeas

petition.

Furthermore, it is clear in the Eighth Circuit that a claim of actual innocence,

standing alone, is insufficient to justify equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim
> that the habeas statute of limitations should be equitably tolled. For such a
> claim to be viable, though, a petitioner would have to show some action or
> inaction on the part of the respondent that prevented him from discovering
> the relevant facts in a timely fashion or, at the very least, that a reasonably
> diligent petitioner could not have discovered these facts in time to file a
> petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner has not alleged – much

less established – the existence of any action or inaction by the state or any state actor that

prevented him, in the exercise of reasonable diligence, from raising his current factual and

legal arguments in a timely federal habeas petition. Absent obstructive state action, an

actual-innocence claim simply cannot, under the current state of the law in the Eighth

Circuit, entitle a petitioner to equitable tolling. *Id.* at 977-78; *see also Baker*, 321 F.3d at

772 (no equitable tolling where habeas petitioner alleged no state conduct that lulled her

into inaction and she knew the factual basis for her actual-innocence claims at time of her

conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx.

667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied as untimely, dismissing this action in its entirety with prejudice.**

DATED this 13th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE